# Case No. 7,179.

## JAMES v. ATLANTIC DELAINE CO. et al.

[11 N. B. R. (1875) 390.] [1]

Circuit Court, D. Rhode Island.

[1] [Reprinted by permission.]

James H. Parsons and T. A. Jenckes, for petitioner.

Charles Theo. Russell, for Knight & Greene.

Charles Hart, for Chapin.

SHEPLEY, Circuit Judge. The principal question presented for review is, whether a judgment and execution creditor of a manufacturing corporation in Rhode Island can sustain an involuntary petition in bankruptcy against the officers or stockholders of the corporation for acts of bankruptcy committed by the corporation, such officers or stockholders being subject to the liabilities imposed by the laws of the state upon a failure to comply with the statutes relating to such corporation. The law of 1844, in force at the date of the incorporation of the Atlantic Delaine Company, and which, it is conceded, was continued by chapter 128 of the Revision of 1857, required that annually, on or before the 15th of February, a certificate signed by a majority of the directors, stating the amount of capital stock paid in, etc., should be filed in the town clerk's office where the manufactory is established, and that on failure so to do, all the stockholders of such company shall be jointly and severally liable for all the debts of said company then existing, and for all that shall be contracted before such notice shall be given, unless said company shall have become insolvent, etc. The charter of this company declared that the liability of its members and officers shall be fixed and limited to the statute of 1844, and by the same statute it was provided that when the stockholders of any manufacturing company shall be liable to pay the debts of such company, or any part thereof, their persons and property may be taken therefor, on any writ of attachment or execution against the company for such debt, in the same manner as on writs and executions issued against them for their individual debts. A remedy in equity was also provided against stockholders or officers of the company.

It is claimed by the learned counsel for the petitioner, that the stockholders of this company, by reason of the failure to comply with the requirements of the law, are subject to the liability of copartners, and continue liable for all the debts of the company in the same manner as if they had not been incorporated, and that the creditors possess the rights, and are entitled to the remedies, which are furnished by established law against any ordinary copartnership or any individuals. In the opinion of the court such consequences cannot result from the liability enforced by this statute. When a statute confers a right, or subjects any one to a new liability without providing a distinct remedy, in such case the common law will afford the means by which the party can obtain the benefit to which he is entitled by the statute. But when a statute which confers the right also declares what course shall be adopted to enforce it, the party is restricted to the remedy so provided, and cannot resort to the ordinary remedies provided by the common law or by general legislation.

It is quite clear, from all the authorities, that under the provisions of the statute invoked in this case the petitioner was restricted in her method of redress. The persons or property of the stockholders might be taken upon a writ of attachment or execution against the company, or resort might be had to a bill in equity, but an action at law could not be maintained to recover from the stockholders the amount of the judgment against the company. Those provisions of the Rhode Island statute were taken literally from an act previously in force in Massachusetts, and they have received judicial constructions from the supreme court of each of the states. Knowlton v. Ackley, 8 Cush. 97; Moies v. Sprague, 9 R. I. 557. And it is sufficient to remark that it was decided by each of these learned tribunals that the remedies given by the statute are exclusive, and that an action at law cannot be maintained against the stockholder in a manufacturing corporation on account of a liability incurred by him solely under the provisions of this statute. At common law the stockholders of a corporation, unless it was otherwise provided by law, would have been exonerated from liability on all contracts of the corporation, as "the common law recognizes only the creature of the charter, the body corporate, and not its individual members." By its incorporation the Atlantic Delaine Company became a body politic, created by law, and, as a legal being, to be regarded entirely distinct from all members composing it. It

is claimed that the stockholders made themselves at once liable as copartners until they released themselves by the performance of those acts which, by the provisions of the manufacturing acts, they were required to do before they could escape from their individual liability. The relation of debtor and creditor did not exist between the stockholders and the creditors of the corporation: the corporation was the sole debtor, capable of making its own contracts, and the only one directly liable upon them, and the only party against whom an action at law could be sustained upon its obligations. Superadded to this was also the collateral liability of its stockholders contingent under circumstances of a special restricted nature and extent, and to be enforced only in a special limited manner. There being at common law no liability of its stockholders for the debts of the corporation, we must resort to the charter or other positive provisions of law to ascertain the liability to which its stockholders may be subjected, and, as remarked by Shaw, C. J., "such liability depends solely upon provisions of positive law, is to be construed strictly, and not extended beyond the limits to which it is plainly carried by the provisions of the statute." 9 Cush. 199. In the present instance we there find the liability to be "a joint and several liability," to be enforced in a certain definite prescribed method, and only by that method. In no portion of the statute is the liability arising from a partnership anywhere suggested as attaching to the stockholders under the circumstances of the present case. Such a liability, with the resulting consequences, is of a much more stringent character than the words found in the statute would imply; and the court is not, by any judicial construction or legislation, to interpolate it. On the contrary, on the sanction of the high authority of Shaw, C. J., it is the duty of the court to allow to the creditor the rights and remedies clearly enforced upon him by the law, but not to extend them beyond the plain ordinary signification of the language of the statutes.

A large number of decisions of the courts of various states have been cited by the learned counsel for the petitioner, in relation to the liability of stockholders for debts of the corporation. An examination of nearly all of them discloses that the actions were brought either to enforce the remedy specifically provided by the local law against such stockholders, or, where no such remedy was expressly provided by the local law, to sustain an action at common law against them in favor of a creditor of the corporation, the stockholders, in a large proportion of the cases, having been made liable under all circumstances for the debts of the corporation. In many of these cases the courts do speak of the liability of the stockholders in such case as being "like that of partners," but I am not aware of any in which they are declared, by reason of such liability, to have thereby become partners with all the consequences of that relation attending such liability. In none of these cases can I discover that there was any attempt to extend the liability beyond that expressly declared by the law, or, where a remedy was specially provided, to allow the party to have recourse to any other; and there is nothing found in any of these decisions in conflict with the views herein expressed by the court, which recognize to its full extent "the joint and several liability," under the Statutes of Rhode Island, of the respondents, and the right of the creditors of the company to the remedies provided by law. The court cannot enlarge the liability, or substitute another remedy for the ones expressly provided by statute. It cannot, therefore, be conceded that by reason of this joint and several liability the stockholders became copartners, so that an act of bankruptcy by one of them in respect to their joint affairs would subject all the members, as partners, to a liability to be adjudicated bankrupt as a firm. But if it were admitted that, as between themselves, the stockholders, by reason of this joint and several liability, were copartners, yet, in the view of the court, the admission would not afford much aid to the petitioners in support of this petition against them. The stockholders must not only be shown to have been copartners inter sese, but also copartners with the company. The material acts of bankruptcy set forth and relied on in this petition are the acts of the corporation in the management and conduct of its business, in alleged violation of the bankrupt act, and thereby committing acts of bankruptcy. It is very clear if two persons are jointly and severally liable for a debt, and are not copartners, and one of them does an act which would subject him to a decree of bankruptcy, the other is in no way affected by such act of his associate. The relation of partners must exist between them, and one of the members of the partnership, in that capacity, and not as an individual, must commit an act of bankruptcy in order to subject his copartner to the provisions of the act relating to involuntary bankruptcy. It is quite clear that the relation of copartners did not exist between the company and its stockholders by reason of their statutory liability. In Moss v. McCollough, 5 Hill, 135, cited in the brief of the petitioner's counsel, Cowen, J., says: "But to say that the stockholders and the corporation are members of the same firm would be to violate all analogy. They are not jointly liable, nor does their relation in any respect resemble that of partners, unless it be in the power of the corporation to bind others; this, however, is to bind others in a distinct obligation, nor can the latter bind the corporation."

The Atlantic Delaine Company, by its violation of the bankrupt act, has committed various acts of bankruptcy, and it having been so adjudged on another petition, the petition-

er. in the present. case has discontinued the petition as against the company; but as the company and its stockholders were not co-partners, the latter are not, by reason of such acts of the corporation, made liable to be adjudged bankrupts. It is charged in the petition that three of the respondents, Hoyt, Greene, and Knight, did cause the property of the company to be attached on legal process on their own behalf. It is sufficient to observe, that by so doing they have not violated any provision of the bankrupt act, so as thereby to have themselves committed any act of bankruptcy; and the same remark applies to the amendment, filed April 21, 1874 [18 Stat. 178], charging the defendants with committing an act of bankruptcy by allowing the company to be adjudged bankrupt. The averments against Josiah Chapin are, that he did procure and suffer his property to be taken on legal process by the attachment thereof on debts due by the Atlantic Delaine Company. This would constitute a valid charge against him on a petition that he should be adjudged a bankrupt individually. But, as the petition now stands, the purpose and object is to obtain an adjudication against the respondents jointly, and the others can in no way be affected by any such violation of the bankrupt law by one of the defendants. They are strangers to his proceeding, and so long as the petitioner claims and insists on a joint liability, she should be bound by her claim, and not be at liberty, on such joint petition, to rely upon the independent liability of one of the respondents in order that she may prevail as to him if she should fail in establishing a joint liability of all the parties. The court is also of the opinion that the petitioner is not shown to be such a creditor of the defendants as will authorize her to sustain her petition against them. Her claim is not provable in bankruptcy against them, and therefore cannot be a basis for involuntary proceedings in her behalf; it is not their debt within the meaning of the act. This precise question was fully discussed by the supreme court of Massachusetts, in Kelton v. Phillips, 3 Metc. (Mass.) 62, and in Bangs v. Lincoln, 10 Gray, 600, in which cases it was decided that a claim of this nature was not provable in insolvency. The provisions of the Massachusetts insolvent law upon this point are almost identical with those found in the bankrupt act, and the court entertains no doubt that the same construction should be given to the bankrupt act. If the proof of petitioner's debt should not be allowed by the register, and she should, upon appeal, be compelled to resort to an action at law to enforce her claim against the assignee, she would, in the opinion of the court, meet with insuperable difficulties in sustaining it, as under the decisions in Massachusetts and Rhode Island, the stockholder is not subjected by the statute to liability to such an action. The liability which the officers incur by a failure or neglect to perform their duties is most clearly in the nature of a penalty, and the remedy prescribed against them is an action on the case or a bill in equity. If the court is correct in the conclusion that the stockholders are not subject to a decree of bankruptcy on this petition, it is quite manifest that the same result must follow as to the officers. The decree of the district court dismissing the petition in bankruptcy is affirmed, and this petition for review and revision of that decree is dismissed.